UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VANCE R. SCOTT, SENIOR**                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 20-843**

**STATE OF LOUISIANA**                                        **SECTION "A"(4)**

**REPORT AND RECOMMENDATION**

This petition for a writ of habeas corpus under 28 U.S.C. § 2241 was referred to a United States Magistrate Judge for preliminary review and, if necessary, for conducting hearing, including evidentiary hearing if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).[1]   Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary.

**I.      Factual and Procedural History**

At the time of the filing of this § 2241 petition, the petitioner Vance R. Scott, Sr., was a pretrial detainee awaiting trial on felony criminal charges in two St. Charles Parish cases, Nos. 19-CR-0194 and 20-CR-0092, and convicted and sentenced in a third misdemeanor case, No. 19-MS-91535.[2]   The criminal cases stem from a routine traffic stop of Scott's car on April 26, 2019, by St. Charles Parish Sheriff's Deputy Malcolm Robbins.[3]   The deputy stopped the car Scott was driving because it did not have an inspection sticker and the windshield was cracked.[4]   Scott refused at first to acknowledge Deputy Robbins as he stood at the driver's side window.   Scott was not cooperative or compliant in communicating or providing his identification, so the deputy

---

[1]Rec. Doc. No. 6.

[2]Rec. Doc. Nos. 3, 11.

[3]St. Rec. Vol. 1 of 1, Probable Cause Affidavit (19-CR-0194), 4/26/19.

[4]The basis for Scott's arrest is taken from the Probable Cause Affidavit submitted to the state trial court after Scott's arrest.   St. Rec. Vol. 1 of 1, Probable Cause Affidavit (19-CR-0194), 4/26/19.

had Scott step out of the car. When he exited the car, Scott was verbally aggressive and yelled at the deputy about violations of his constitutional rights. Scott stood at the hood of the car digging in a bag and insisted that he speak with Deputy Robbin's supervisor. Because Scott continued his aggressive behavior and digging in the bag, Deputy Robbin's decided to detain Scott to assure his safety and await assistance. Scott refused the deputy's commands to place his hands behind his back. When the deputy attempted to grab his wrists, Scott resisted and cursed at the deputy, which drew a crowd of on-lookers. When Scott became more combative, the deputy forced him to the ground, where Scott continued to resist. The deputy "dry stunned" Scott with the taser, but Scott still refused to comply. Scott managed to get to his feet and pushed the deputy causing the deputy to fall to the ground. Scott tried to walk away, and Deputy Robbins deployed the taser causing Scott to fall to the ground. Other deputies soon arrived to assist, and Scott was eventually placed in Deputy Robbins's cruiser. While in the car, Scott repeatedly kicked the rear driver-side door causing $533.23 in damage to the lower panel. The deputies later found that Scott's car was not insured and his driver's license was suspended.

Scott was ticketed and arrested for driving with a cracked windshield, failure to provide proof of insurance, driving with a suspended driver's license, operating a vehicle without a safety inspection sticker, disturbing the peace, resisting an officer with force or violence, battery of a police officer, and simple criminal damage to property.[5] On July 15, 2019, Scott was formally charged with battery of a police officer by Bill of Information in Case No. 19-CR-0194.[6] On July 23, 2019, Scott refused to participate in the arraignment, and the state trial court entered a not

---

[5] St. Rec. Vol. 1 of 1, Arrest Form, 4/26/19.

[6] St. Rec. Vol. 1 of 1, Bill of Information (19-CR-0194), 7/15/19. An Amended Bill of Information later was filed to identify the officer involved. *Id.*, Amended Bill of Information (19-CR-0194), 8/22/19.

guilty plea on his behalf.[7]  When Scott failed to appear for a court hearing on January 14, 2020, the state trial court issued an attachment for his arrest.[8]  On February 20, 2020, Scott was arrested on this and other outstanding warrants and held on bond for a contempt proceeding.[9]  Although trial was set for June 22, 2020, the trial judge was recused on April 7, 2020, and no new trial date has been scheduled before the newly assigned judge.[10]

In the meantime, on July 15, 2019, Scott also was formally charged by Bill of Information in Case No. 19-MS-91535 for misdemeanor simple criminal damage to property to Deputy Robbins's police vehicle during his April 26, 2019, arrest.[11]  On July 23, 2019, the state trial court entered a not guilty plea on Scott's behalf.[12]  On October 25, 2019, Scott represented himself at trial and the state trial judge found Scott guilty as charged.[13]  Scott failed to appear for sentencing on November 7, 2019, and in accordance with Louisiana law, the state trial court sentenced him *in abstentia* to serve 30 days in parish prison and to pay a $1,000 fine and costs.[14]  The Court deferred the sentence pending Scott's arrest on the attachment issued for his failure to appear.

On February 20, 2020, St. Charles Parish deputies went to Scott's home to arrest him for the attachments issued in Case Nos. 19-CR-0194 and 19-MS-91535.[15]  When Scott saw the deputies at the door, he slam the door closed and began screaming, "law suit in progress."[16]  The

---

[7]St. Rec. Vol. 1 of 1, Minute Entry (19-CR-0194), 7/23/19.

[8]St. Rec. Vol. 1 of 1, Minute Entry (19-CR-0194), 1/14/20.

[9]St. Rec. Vol. 1 of 1, Minute Entry (19-CR-0194), 2/21/20.

[10]St. Rec. Vol. 1 of 1, Minute Entry (19-CR-0194), 3/16/20; St. Rec. Vol. 1 of 1, Order of Recusal (19-CR-0194), 4/7/20.  A member of the Court's staff contacted the St. Charles Parish clerk of court's office and was advised that no trial date has been set by the newly assigned judge.

[11]St. Rec. Vol. 1 of 1, Bill of Information (19-MS-91535), 7/15/19.

[12]St. Rec. Vol. 1 of 1, Minute Entry (19-MS-91535), 7/23/19.

[13]St. Rec. Vol. 1 of 1, Trial Minutes (19-MS-91535), 10/25/19.

[14]St. Rec. Vol. 1 of 1, Sentencing Minutes (19-MS-91535), 11/7/19.

[15]St. Rec. Vol. 1 of 1, Probable Cause Affidavit (20-CR-0092), 2/20/20.

[16]*Id.*  The facts of this incident are taken from the Probable Cause Affidavit for Case No. 20-CR-0092.

deputies managed to keep the door from latching and continued to use their bodies to push the doors open, but Scott braced himself against the door and wall to prevent it from opening. One deputy wedged a service baton in the gap opening of the door in an attempt to force the door open. Scott grabbed the baton from the inside and ignored the deputies commands to let go and open the door. After a brief struggle, the deputies freed the baton and they were able to arrest Scott and secure him in handcuffs. As a deputy helped Scott to his feet, Scott screamed at the deputy, pulled away, and pushed his shoulder into the deputy. After a short struggle, the deputies were able to gain control over Scott and get him into the police unit.

As a result of this incident, Scott was arrested and charged in Case No. 20-CR-0092 with resisting an officer with force or violence and disarming a peace officer.[17] His arraignment was scheduled for March 31, 2020, but no further action has occurred in that case.[18] He also was charged in Case No. 20-MS-92407 with misdemeanor resisting an officer and violating his bail in connection with Case No. 19-MS-91535.[19] On April 21, 2020, he pleaded guilty and was sentenced to serve 20 days with credit for time served concurrent with the sentence in Case No. 19-MS-91535, which was reduced to credit for time served.[20]

## II.     Federal Habeas Petition

Broadly construed, Scott's § 2241 federal habeas petition asserts the following grounds for relief:[21] (1) the right to travel is protected by the 4th, 5th, 6th, 11th, 13th Amendments and cannot

---

[17]St. Rec. Vol. 1 of 1, Minute Entry (20-CR-0092), 2/21/20.

[18]St. Rec. Vol. 1 of 1, Minute Entry (20-CR-0092), 2/21/20; Clerk's Notice (20-CR-0092), 2/20/20. The St. Charles Parish clerk of court's office advised the Court's staff member that no action has been taken in the case because of the recusal of the trial judge and re-allotment of Scott's other cases in April of 2020. *See* St. Rec. Vol. 1 of 1, Order of Recusal (19-CR-0194), 4/7/20; Order of Recusal (19-MS-91535), 4/13/20.

[19]This information was obtained by the Court's staff directly from the St. Charles Parish clerk of court's office on July 29, 2020.

[20]*Id*.

[21]Rec. Doc. No. 3.

be infringed upon by a law enforcement officer; (2) the exercise of the right to travel cannot be converted into a crime; (3) there was no corpus delicti and no crime in the perjured police reports from Deputy Robbins leading to the unlawful arrest on April 26, 2019; and (4) traffic infractions by private citizens in their own cars are not crimes.   Scott also argues that he has been "kidnapped" as a result of the charges against him in Case Nos. 19-CR-0194, 19-MS-91535, and 20-CR-0092. He also indicates that he has asserted the same challenges to the arrest, detention, and prosecution in his 42 U.S.C. § 1983 civil rights case in Civ. Action 20-0043"A"(3) (E.D. La.), already pending in this Court.[22] He asserts, therefore, that federal jurisdiction prevails over his state criminal prosecutions.   As relief, Scott requests his immediate release, an order for the State of Louisiana to protect the right to travel, and the removal from office of all officers and officials involved.[23]

The State filed an answer and memorandum in opposition urging the Court to abstain from reviewing Scott's petition under *Younger v. Harris*, 401 U.S. 37 (1971).[24]

### III.  Federal Habeas Relief and Abstention

As outlined above, Scott seeks his immediate release from incarceration and dismissal of the charges/prosecutions against him. Scott's petition addresses three separate criminal proceedings in St. Charles Parish.  Although the petition challenges multiple cases, the record indicates that the cases arise from the same arrest on April 26, 2019, or from state court attachments related to the three intertwined state court criminal cases.   For this reason, the Court considers the claims together in this one petition.

---

[22]In that suit, Scott sued a myriad of defendants, including Deputy Robbins and the now-recused state trial judge, asserting violations of his civil rights during the April 26, 2019 arrest and subsequent criminal prosecutions.
[23]Rec. Doc. No. 3 at 8; Rec. Doc. No. 3-1 at 5.
[24]Rec. Doc. No. 14.

This federal court has jurisdiction under 28 U.S.C. § 2241 to consider petitions by persons in state custody regardless of whether final judgment has been rendered. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger*, 401 U.S. at 46. Where a petitioner's state criminal charges are still pending, the Federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state criminal proceedings except where expressly authorized by Congress or where necessary in aid of this Court's jurisdiction, and neither of these exceptions apply to the present case. *See id*. at 41 & 53-54; *see also Walck v. Edmondson*, 472 F.3d 1227 (10th Cir. 2007); *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999). Thus, a federal court must abstain pursuant to the *Younger* doctrine when "'(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Walck*, 472 F.3d at 1233 (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Under the first *Younger* factor, the pleadings and records reflect that the criminal proceedings against Scott are ongoing and pending in St. Charles Parish in Case Nos. 19-CR-0194 and 20-CR-0092. This factor favors abstention.

Second, the State of Louisiana most certainly has available means for review of any pretrial rulings of the state trial court, including the probable cause findings supporting his arrest and prosecution. *See* La. S. Ct. Rule X, §§ 1-8; *see also*, La. App. Rule 4. Neither Scott nor his appointed counsel challenged his arrest or detention or sought review of the state trial court's

pretrial rulings in any of his cases. To the extent relevant, and as further discussed below, Scott also failed to appeal his conviction and sentence in Case No. 19-MS-191535. The State of Louisiana has an available process for pretrial review of Scott's jurisdictional, substantive, and other constitutional challenges to the propriety of his arrest, detention, and prosecution. He may also preserve these challenges for appeal after trial, should he be convicted in the pending cases. This factor also favors abstention.

Finally, under the third *Younger* factor, the criminal proceedings against Scott clearly involve matters of state criminal law and state interests in correcting wrongs (and defiance of state court judicial orders) occurring within its borders. The State will rely on its own statutory provisions to prosecute and prove the charges against Scott. This factor also favors abstention.

In sum, each of the *Younger* considerations favor abstention at this time. Scott has shown no basis for this Court to interfere with the ongoing state criminal proceedings. Furthermore, comity justifies the federal court's abstention from adjudicating affirmative defenses to state criminal charges prior to the state courts' entry of a final judgment of conviction. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *see also Calihan v. Superior Court*, 158 F. App'x 807, 2005 WL 3397360, at *1 (9th Cir. Dec. 12, 2005) (finding principles of comity and federalism require the federal courts to abstain from addressing speedy trial challenges which do not fall into one of these exceptions). While "extraordinary circumstances" may justify intervention for speedy trial or double jeopardy grounds, there is *no* reason to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 & 493 (1973).[25] In Scott's case, his

---

[25]In *Braden*, the specific remedy sought was for the State of Kentucky to set a prompt trial date as required by the speedy trial requirements of the Constitution.

substantive challenges to his pending criminal charges "may be remedied by [a] decision on the merits [by the state courts,] so that the right is not irreparably lost if review is postponed until final judgment is rendered on the merits."  *Atkins*, 644 F.2d at 546.

Thus, Scott is not entitled to pretrial review by this federal habeas court, and he certainly has *not* established his entitlement to have this Court interfere with the state court proceedings. *Id.* at 546-47; *see also Hill v. Michigan*, No. 07-cv-271, 2007 WL 1893911, at *1-2 (W.D. Mich. July 2, 2007) (citing *Atkins*, the district court found "no exceptional circumstances" existed to justify consideration of a pretrial petition where the petitioner sought to have the federal habeas court dismiss a criminal charge brought against him).  Scott has failed to establish any exception to the *Younger* abstention doctrine which would warrant interference with his on-going criminal proceeding by means of stay or possible dismissal of his charges.  He is not entitled to federal habeas relief under § 2241.

## IV.     Exhaustion of State Court Remedies

In addition, Scott failed to seek review of the state trial court's pretrial and probable cause rulings in Case Nos. 19-CR-0194 or 20-CR-0092.  To the extent Scott seeks federal habeas review of the proceedings leading to his conviction and sentence in Case No. 19-MS-91535 (or 20-MS-92407), he also has failed to exhaust state court review.  The State did not specifically address or waive the exhaustion defense in its opposition.  The Court, therefore, places Scott on notice that it is *sua sponte* addressing his failure to exhaust state court remedies. *Accord Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006) and *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998)) (a district court may *sua sponte* raise failure to exhaust if it gives notice of and an opportunity to respond to the exhaustion issue); *see also* 28 U.S.C. § 2254(b)(3) (the State's failure to raise exhaustion is not a

waiver of the defense).  Accordingly, **petitioner is hereby advised and instructed that this report and recommendation is notice to him that this Court is *sua sponte* addressing the issue of exhaustion and that petitioner must submit any evidence or argument concerning the default as part of any objections filed to this report.**  *Magouirk*, 144 F.3d at 350, 360.  For the following reasons, his petition should be dismissed for failure to exhaust state court remedies.

While there is no express exhaustion requirement in § 2241, a federal court should abstain and *not* exercise its habeas jurisdiction if the issues raised in a petition can be resolved on the merits in the state courts or by some other state procedures available to the petitioner.  *Dickerson*, 816 F.2d at 225; *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden*, 410 U.S. at 489-92.  The exhaustion doctrine is applied to § 2241 as a matter of comity and is based on federalism grounds to protect the state courts' opportunity to confront and initially address any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process.  *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).  In a § 2241 action, the exhaustion requirement is obviated only when "special circumstances" exist, such as speedy trial or double jeopardy concerns.  *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1975).  In this case, no such circumstances exist.

Thus, to have exhausted review in the state courts, Scott must have fairly presented all of the same federal claims and legal theories he urges in this federal court to the state courts through

9

the Louisiana Supreme Court in a procedurally proper manner. Scott, however, has *not* filed an appeal or any writ applications in the Louisiana Fifth Circuit Court of Appeal or the Louisiana Supreme Court related to these cases before filing a federal habeas petition.[26] He, therefore, has not given the Louisiana courts a fair opportunity to consider the merits of the claims. His federal petition should be dismissed without prejudice for failure to exhaust state court remedies.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** the Court abstain from considering Scott's 28 U.S.C. § 2241 petition for the issuance of a writ of habeas corpus and the petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[27]

New Orleans, Louisiana, this _23rd_ day of September, 2020.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[26]The Court's staff contacted the clerk's offices for the Louisiana Fifth Circuit and the Louisiana Supreme Court and was advised that Scott has not filed an appeal or writ applications related to these St. Charles Parish cases.

[27]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.